1

2  **BELIGAN LAW GROUP, LLP**
Leah M. Beligan (SBN 250834)
3  lbeligan@beliganlawgroup.com
Jerusalem F. Beligan (SBN 211258)
4  jbeligan@beliganlawgroup.com
19800 MacArthur Blvd., Ste. 300
5  Newport Beach, CA 92612
Telephone: (949) 224-3881
6

7  **SIMON LAW CO.**                          **FRADIN LAW**
James L. Simon (*pro hac vice forthcoming*)   Michael L. Fradin (*pro hac vice forthcoming*)
8  james@simonsayspay.com                     mike@fradinlaw.com
11 ½ N. Franklin St.                          8401 Crawford Ave., Ste. 104
9  Chagrin Falls, OH 44022                    Skokie, IL 60076
Telephone: (216) 816-8696                    Telephone: (847) 986-5889
10

11  *Attorneys for Plaintiff and the Putative Class*

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                   **SAN JOSE DIVISION**

15
Jacob Czyszczon, individually, and on behalf of )  Case No. _____
16  all others similarly situated,               )
                                                 )
17              Plaintiff,                        )  **CLASS ACTION**
                                                 )
18        vs.                                     )  **COMPLAINT**
19  Jumio, Inc.                                   )
                                                 )  **DEMAND FOR JURY TRIAL**
20              Defendant.                        )
                                                 )
21                                                )
                                                 )
22                                                )
                                                 )
23  _____

24              **CLASS ACTION COMPLAINT**
        Now comes Plaintiff, Jacob Czyszczon ("Plaintiff"), on behalf of himself and all others
25
similarly situated, through Counsel, and pursuant to 740 ILCS § 14/1 *et seq.*, and Fed. R. Civ. P. 23,
26
against Defendant Jumio, Inc. ("Jumio" or "Defendant"), its subsidiaries and affiliates, to redress
27

28
                                        - 1 -
    **CLASS ACTION COMPLAINT**              | **No.**

and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Defendant Jumio, Inc. is a Delaware corporation which operates as an information "processor" for Phemex. A "processor" is an entity that processes personal information on behalf of a controller, based upon the controller's instructions. In this instance, Jumio is an entity that processes personal information on behalf of Phemex, based upon Phemex's instructions.

2.      Plaintiff opened a Phemex account within the five years immediately preceding the filing of this matter and had his biometric information processed by Jumio as part of the process of signing up for his account.

3.      As part of signing up, and/or gaining access to his Phemex account, Plaintiff was invited to engage in the identity verification process called "Know Your Customer" ("KYC") by uploading a picture of (1) a valid state-issued identification, and (2) a real time portrait of his face, i.e. a "selfie." *See* https://phemex.com/help-center/how-do-i-verify-my-account-kyc (last visited Feb. 20, 2024).

**CLASS ACTION COMPLAINT**                              | **No.**

4. Once you have successfully completed the Basic Verification, you will see a green tick and a green text reading "Verified" under Basic Verification.



5. Now that Basic Verification is complete, it's time to move on to Advanced Verification. This next page will prompt you to get your ID or documentation ready. Click Start when ready.

4.      Phemex utilizes the services of Jumio, who then scans the "selfie" photograph, creates a biometric template of the user's face, and compares the user's facial biometrics to the photograph on the identification document to confirm whether they match. *See* https://phemex.com/help-center/what-is-kyc-on-phemex-identity-verification (last visited Feb. 20, 2024).

## Will My KYC Information be Safe on Phemex?

Phemex understands the paramount importance of keeping our users' information safe. To this end, we've partnered with Jumio, one of the most secure and renowned identity verification platforms. Phemex and Jumio will never expose user information to unaffiliated third parties. For more details, please find below the security terms for both Phemex and Jumio.

5.      Jumio, acting as a processor for Phemex, collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data to, amongst other things, further enhance

- 3 -

**CLASS ACTION COMPLAINT**                    | **No.**

Phemex and its online platform.

6.    Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Jumio's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Jumio's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Jumio users have no means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this highly personal and private information.

7.    The Illinois Legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

8.    Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

9.    In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Jumio may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in

**CLASS ACTION COMPLAINT**                         | **No.**

writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

10.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

11.     Specifically, upon information and belief, Jumio has created, collected, and stored thousands of "face templates" – highly detailed geometric maps of the face from countless Illinois residents whose selfies and state-issued ID's were collected by Jumio. Each face template that Jumio extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies a particular individual.

12.     Jumio is a "private entity" as that term is broadly defined by BIPA and Jumio is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

13.     This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq*.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

**CLASS ACTION COMPLAINT**                           | **No.**

14.     Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

15.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Jumio is domiciled within this judicial district, and the amount in controversy exceeds $75,000.

16.     This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

17.     At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the members of the proposed Class were located in Illinois.

18.     At all relevant times, Jumio is incorporated under the laws and jurisdiction of Delaware, and Jumio's principal place of business is located at Sunnyvale, California.

**DIVISIONAL ASSIGNMENT**

19.     The San Jose Division is the appropriate division for this case, pursuant to Civil L.R. 3-2(c), because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in the County of Santa Clara and Jumio is headquartered in the City of Sunnyvale, California.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

21.     Plaintiff opened a Phemex account within the five years immediately preceding the filing of this Action.

- 6 -

**CLASS ACTION COMPLAINT**                            | No.

22.     As part of signing up, and/or gaining access to his Phemex account, Plaintiff was invited to engage in the identity verification process called KYC by uploading a picture of (1) a valid state-issued identification, and (2) a real time portrait of his face, i.e. a "selfie."

23.     Jumio, as a processor for Phemex, then scanned Plaintiff's "selfie" photograph, creating a biometric template of the Plaintiff's face and biometric identifiers, and compared Plaintiff's biometric identifiers to the photograph on his state issued identification document to confirm whether they match.

24.     Phemex users, including Plaintiff, are instructed to set up biometric authentication for use with Phemex via the KYC process which is processed via Jumio.

*See* https://phemex.com/help-center/how-do-i-verify-my-account-kyc (last visited Feb. 20, 2024).

25.     In other words, Jumio, as a processor for Phemex, collected and retained biometric information for the purpose of verifying Plaintiff's identity prior to opening a Phemex account in Plaintiff's name.

26.     At all relevant times, Jumio had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Jumio, whichever occurred first.

27.     Ostensibly, the purpose of Jumio's collection of Plaintiff's facial geometry was to verify Plaintiff's identity prior to opening a Phemex account in Plaintiff's name.

28.     As such, Plaintiff's facial geometry should have been permanently destroyed by Jumio following the opening of Plaintiff's Phemex account.

29.     However, Jumio failed to permanently destroy Plaintiff's facial geometry following the opening of Plaintiff's Phemex account and instead retained Plaintiff's biometric information.

**CLASS ACTION COMPLAINT**                    | No.

30.     As such, Jumio's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

31.     Phemex did not inform Plaintiff in writing that Jumio was collecting or storing his biometric information.

32.     Instead, Phemex simply instructed Plaintiff to upload his state issued identification forms and "selfie" photographs as part of the overall account opening process.

33.     In fact, Jumio made no mention of biometric information, collection of biometric information, or storage of biometric information.

34.     Moreover, Jumio did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

35.     Jumio collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which consents to or authorizes Jumio to do same.

36.     Additionally, Jumio disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information: (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

37.     Upon information and belief, Jumio has disclosed, redisclosed or otherwise disseminated Plaintiff's and the Class Members' biometric information to Phemex, as well as to other third-party identity verification services and financial institutions. *See* https://phemex.com/help-center/phemex-privacy-policy (last visited Feb. 20, 2024).

**CLASS ACTION COMPLAINT**                    | No.

| (E) Biometric information | Information you provide us | Section 1 | – Third party identity verification services<br><br>– Financial institutions |
|---|---|---|---|

38.     Jumio's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Jumio's policies and procedures which Jumio applies to all of its users, including the Class Members.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

39.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40.     Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Rule 23 Class:

**All Illinois residents who had their biometric information collected by Jumio while using the platform Phemex at any point in the five (5) years preceding the filing of this Complaint.**

41.     In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

42.     **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

43.     **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

**CLASS ACTION COMPLAINT**                           | No.

a.      Whether Jumio possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Jumio, whichever occurs first.

b.      Whether Jumio collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members.

c.      Whether Jumio disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information: (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

d.      The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

44.      **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had their biometric identifiers and biometric information

**CLASS ACTION COMPLAINT**                              | No.

collected, retained or otherwise possessed by Jumio without its adherence to the requirements of BIPA as detailed herein.

45.     **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

46.     **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Jumio acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

47.     **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Jumio's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Jumio's practices.

48.     Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

### COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

**CLASS ACTION COMPLAINT**                    | **No.**

49.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.     A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

51.     Jumio created and collected biometric templates of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

52.     At all relevant times, Jumio had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Jumio, whichever occurs first.

53.     Ostensibly, the purpose of Jumio's collection of Plaintiff's and the Class Members' facial geometry was to verify Plaintiff's and the Class Members' identities prior to opening a Phemex account in their names and the purpose of Jumio's collection of Plaintiff's and the Class Members' biometric information was to verify Plaintiff's and the Class Members' identities when they logged in to Phemex.

54.     As such, Plaintiff's and the Class Members' facial geometry should have been permanently destroyed by Jumio following the opening of their Phemex accounts.

**CLASS ACTION COMPLAINT**                    | No.

55.    However, Jumio failed to permanently destroy Plaintiff's and the Class Members' facial geometries following the opening of their Phemex accounts and instead retained Plaintiff's and the Class Members' biometric information.

56.    Moreover, Plaintiff's and the Class Members' biometric information should have been permanently destroyed by Jumio after Plaintiff and the Class Members logged out or ceased using Phemex.

57.    However, Jumio failed to permanently destroy Plaintiff's and the Class Members' biometric information after they logged out or ceased using their Phemex accounts.

58.    As such, Jumio's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

59.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.    No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

61.    Jumio did not inform Plaintiff and the Class Members in writing that Jumio was collecting or storing their biometric information.

62.    Instead, Plaintiff and the Class Members were simply instructed to upload their state

- 13 -

**CLASS ACTION COMPLAINT**                    │ No.

issued identification forms and "selfies" as part of the overall account opening process and this information was then processed by Jumio by creating biometric facial templates.

63.   Moreover, Jumio did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

64.   Jumio collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which consented to or authorized Jumio to do same.

65.   As such, Jumio's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(b).

**COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)**

66.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.   No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

68.   Upon information and belief, Jumio has disclosed, redisclosed or otherwise

- 14 -

**CLASS ACTION COMPLAINT**              | No.

disseminated Plaintiff's and the Class Members' biometric information to Phemex, as well as to other third-party identity verification services and financial institutions. *See* https://phemex.com/help-center/phemex-privacy-policy (last visited Feb. 20, 2024).

69.     Jumio's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS 14/1 *et seq*.; (3)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were not willful;  (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: March 18, 2024                    Respectfully submitted,


                                     **BELIGAN LAW GROUP, LLP**


                                     By: */s/ Leah M. Beligan*
                                         Leah M. Beligan (SBN 250834)
                                         lbeligan@beliganlawgroup.com
                                         Jerusalem F. Beligan (SBN 211258)
                                         jbeligan@beliganlawgroup.com
                                         19800 MacArthur Blvd., Ste. 300
                                         Newport Beach, CA 92612
                                         Telephone: (949) 224-3881

**CLASS ACTION COMPLAINT**                    | No.

1

2                                            **FRADIN LAW**

3

4                                         By: _/s/ Michael L. Fradin_

                                                 Michael L. Fradin (*pro hac vice forthcoming*)

5                                                    8 N. Court St., Suite 403

6                                                    Athens, Ohio 45701

                                                   Telephone: 847-986-5889

7                                                    Facsimile: 847-673-1228

8                                                    Email: mike@fradinlaw.com

9

                                           **SIMON LAW CO.**

10

11                                         By: _/s/ James L. Simon_

                                                   James L. Simon (*pro hac vice forthcoming*)

12                                                    11 1/2 N. Franklin Street

13                                                    Chagrin Falls, Ohio 44022

                                                   Telephone: (216) 816-8696

14                                                    Email: james@simonsayspay.com

15  *Attorneys for Plaintiff and the Putative Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**            | No.